In re DOUGLAS.

Petition of BOWER.

(District Court, W. D. Pennsylvania. December 1924.)

No. 1117.

Bankruptcy ⬿140(3)—Petitioner for reclamation held only contract creditor.

Bankrupt, a stockbroker, bought certain stock for petitioner, which he pledged as collateral for his own indebtedness and refused petitioner's demand for it after it had been fully paid for. *Held*, that refusal of such demand made petitioner a creditor of bankrupt, with a right of action for breach of contract or conversion, but that petitioner had no claim on a surplus from the proceeds of the stock which had been sold by the pledgees.

In Bankruptcy. In the matter of A. C. Douglas, bankrupt. On petition of George W. Bower for reclamation of property. Denied.

Weil, Christy & Weil, of Pittsburgh, Pa., for petitioner.

F. W. Miller, of Pittsburgh, Pa., for C. D. Halsey & Co.

C. L. Williams, of Steubenville, Ohio, ancillary receiver and trustee in bankruptcy.

SCHOONMAKER, District Judge. One George W. Bower has presented in this case a petition setting forth that the bankrupt, a stockbroker at Steubenville, Ohio, purchased for Bower 100 shares of common stock of the Seaboard Air Line Railway Company. That stock was purchased by the bankrupt, and carried by the bankrupt on margin for the petitioner until on or about September 24, 1923, when the petitioner fully paid for said stock, and between that date and October 15, 1923, the petitioner repeatedly demanded delivery of said stock from the bankrupt; but the bankrupt failed, neglected, and refused to deliver the same, and the bankrupt, instead of delivering the same in accordance with the said demand, left the stock in his own marginal account with C. D. Halsey & Co., who sold the stock for the payment of Douglas' indebtedness to them. The petitioner further contends that the said C. D. Halsey & Co. have in their hands, after liquidating the obligations of the bankrupt, the sum of $236.04. The petitioner claims that this Seaboard Air Line stock belonged to him, and that this money should be paid to him as sale proceeds of stock.

The trouble is that Bower never came into possession of this stock. He made demand for it, and that demand was not complied with. He was in a situation to sue on his claim for failure to deliver the stock, and might have brought suit before the bankruptcy was filed. Under the circumstances, we conclude that the petitioner was but a creditor of the bankrupt estate, with a probable claim in bankruptcy, and was not entitled to the fund which he is claiming, and which is now in possession of C. D. Halsey & Co.

The petitioner relies on the case of Richardson v. Shaw, 209 U. S. 365, 2 S. Ct. 512, 52 L. Ed. 835, 14 Ann. Cas. 981, as establishing his legal right to the proceeds of the sale of the stock in question. However, the facts of this case differ from the facts at issue in the case of Richardson v. Shaw, where there was no demand for the return of the stocks which was refused by the broker. Therefore, in that case, the relation of debtor and creditor did not arise. In the instant case, however, there is a different situation, which was clearly recognized by Mr. Justice Day in the case of Richardson v. Shaw, supra. In the case at bar we have a situation where, after the bankrupt had parted with control of the shares in question, after repeated demands for them by the petitioner, the bankrupt had failed to deliver, and the petitioner had a ground of action against the bankrupt, either for a breach of the contract or for conversion, it matters not which. Therefore there was a relation of debtor and creditor between the bankrupt and petitioner, which is entirely a different situation than that passed upon by Mr. Justice Day. The case at bar seems to be ruled by the doctrine of Weston v. Jordan, 168 Mass. 401, 47 N. E. 133, which was recognized by Mr. Justice Day in the case of Richardson v. Shaw, supra.

We therefore conclude that the petition of George W. Bower must be dismissed. An order may be entered accordingly.